14-4133
United States v. Lin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty.

PRESENT:  JON O. NEWMAN
          DENNIS JACOBS,
                    Circuit Judges,
          LEWIS A. KAPLAN,*
                    District Judge.

- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

_____

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**XING LIN,**

        **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                 Megan W. Benett, Kreindler & Kreindler LLP, New York, NY.

FOR APPELLEE:               Sarah K. Eddy, Assistant United States Attorney, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cedarbaum, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court as to the 18 U.S.C. § 924(j) conviction is **VACATED**, but the judgment as to the remaining counts of conviction is **AFFIRMED**, except as to sentence, which we **VACATE** and **REMAND** for resentencing on the remaining counts of conviction.

This case returns to us from the Supreme Court for reconsideration in light of United States v. Davis, 139 S. Ct. 2319 (2019). Xing Lin was convicted after a jury trial on four counts, including murder through use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(j). Section 924(j) prescribes certain penalties if a defendant causes the death of a person while violating 18 U.S.C. § 924(c). 18 U.S.C. § 924(j). Section 924(c) punishes "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Id. § 924(c)(1).

We previously affirmed the § 924(j) conviction on the ground that Lin's extortion scheme was a "crime of violence" under the residual clause of the statutory definition, 18 U.S.C. § 924(c)(3)(B).  See United States v. Xing Lin, 752 F. App'x 106, 107 (2d Cir.), vacated, 140 S. Ct. 98 (2019) (mem.).   That conclusion is no longer tenable in light of Davis, which held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.   139 S. Ct. at 2336.

Accordingly, we **VACATE** Lin's judgment of conviction on the 18 U.S.C. § 924(j) count in its entirety, but we **AFFIRM** the judgment of conviction on all other counts except as to sentence, which we **VACATE** and **REMAND** to allow the District Court to consider anew the appropriate sentence for Lin's crimes in the absence of his now-vacated § 924(j) conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK